86 F.3d 1158
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ralphael OKORO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3658.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 10, 1996.*
Decided May 17, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied June 4, 1996.
 
 Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 After we affirmed his convictions for distributing heroin (and conspiring to do so), Ralphael Okoro filed a petition for relief under 28 U.S.C. § 2255. The district court denied this petition.
 
 
 2
 Okoro's principal contention is that the district judge should have recused himself. We doubt that this question is properly presented; Okoro did not appeal or seek mandamus from the order denying his request. See United States v. Murphy, 768 F.2d 1518, 1539-41 (7th Cir.1985); United States v. Balistrieri, 779 F.2d 1191, 1204-05 (7th Cir.1985). If it were presented, Okoro could not benefit. He does not allege any extra-judicial source of prejudice. The district court did no more than remark that the arguments presented to him were voluminous, filled with invective, and weak on the merits, as indeed they were. The judge did not demonstrate unwillingness or inability to resolve Okoro's contentions on proper grounds. See Liteky v. United States, 114 S.Ct. 1147 (1994).
 
 
 3
 Okoro's claim of selective prosecution, marginal at best when the district court addressed his petition, is untenable after United States v. Armstrong, No. 95-157 (U.S. May 13, 1996). His remaining contentions are addressed by the district court's careful opinion. Repetition is unnecessary, and the judgment is
 
 
 4
 AFFIRMED.**
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 **
 On April 24, 1996, while this case was pending on appeal, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214. Title I of this Act significantly curtails the scope of collateral review of convictions and sentences. We need not decide in this case to what extent the amendments in the Act apply to petitions pending when the Act was signed into law, or what effect those amendments have if they apply, because, even under the more expansive scope of review permitted prior to the Act, Okoro is not entitled to relief